IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JARRETT M. JAMES,

                Plaintiff,

    v.                                      MEMORANDUM and ORDER

DETECTIVE DARRIN ZIMMERMAN,               07-cv-563-jcs

                Defendant.
_____

    Plaintiff Jarrett M. James was allowed to proceed on his Fourth Amendment claim against defendant Detective Darrin Zimmerman. In his complaint he alleges that defendant Zimmerman seized his vehicles without consent or a warrant.

    On January 7, 2008 defendant moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact, conclusions of law, an affidavit and a brief in support thereof. Plaintiff filed a motion for summary judgment on January 22, 2008 which will also be considered his opposition to defendant's motion. Defendant filed a reply brief on January 23, 2008.

    On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

FACTS

For purposes of deciding defendant's motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Jarrett M. James is currently incarcerated at the Fond du Lac County Jail, Fond du Lac, Wisconsin. Defendant Darrin Zimmerman is a Detective with the City of Middleton Police Department.

Defendant seized plaintiff's 2000 Lexus automobile pursuant to a warrant issued by United States Magistrate Judge Stephen L.

Crocker. Defendant seized plaintiff's 1994 Mercury based upon a warrant issued by United States Magistrate Judge Stephen L. Crocker.

MEMORANDUM

The Fourth Amendment prohibits unreasonable searches and seizures. A search or seizure pursuant to a valid warrant is reasonable and does not violate the Fourth Amendment. U.S. v. Leon, 468 U.S. 897 (1984).

The warrants for the search and seizure of plaintiff's vehicles were valid. Accordingly, plaintiff's Fourth Amendment rights were not violated when his vehicles were seized and searched.

Defendant's motion for summary judgment on plaintiff's Fourth Amendment claim will be granted. Plaintiff's motion for summary judgment will be denied.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

<u>James v. Zimmerman</u>, 07-cv-563-jcs

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendant against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.

Entered this 29th day of January, 2008.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge