IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JARRETT M. JAMES,

                                                       ORDER

                   Plaintiff,

                                                      07-cv-563-jcs

    v.

DARRIN ZIMMERMAN,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one.  In an order dated January 29, 2008, Judge Shabaz granted defendant's motion for summary judgment and denied plaintiff's cross motion for summary judgment.  In the order, Judge Shabaz held that the seizure of plaintiff's vehicles did not violate the Fourth Amendment because the vehicles were seized pursuant to valid search warrants.  Now before the court is plaintiff's motion for leave to file an amended complaint which is accompanied by a proposed complaint.  In addition, plaintiff has filed a motion to present new evidence.  I construe this motion as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59.

1

The purpose of a Rule 59 motion is to bring the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006). In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

In support of his Rule 59 motion, plaintiff states that he has written reports that show defendant was untruthful under oath. He contends that this "evidence" shows that one of his vehicles was seized before the warrant was issued by the magistrate judge. Curiously, he has not provided these reports to the court. More important, he has not suggested any reason he could not have obtained and presented this evidence while the court was considering the merits of his case in connection with defendant's motion for summary judgment. Therefore, his Rule 59 motion must be denied.

Because I am denying his Rule 59 motion, I will deny plaintiff's motion to amend his complaint as moot.

For plaintiff's information, the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion. Fed. R. App. P. 4(A).

2

Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the judgment or order appealed from is entered. Therefore, if plaintiff intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so.

ORDER

IT IS ORDERED that plaintiff Jarrett James's motion under Fed. R. Civ. P. 59 is DENIED.

Further, IT IS ORDERED that plaintiff's motion to amend his complaint is DENIED as untimely.

Entered this 20th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3